The Honorable Guy W. Sapp Flagler County Property Appraiser Post Office Box 936 Bunnell, Florida 32110-0936
Dear Mr. Sapp:
As Property Appraiser for Flagler County, you have requested an opinion on substantially the following questions:
1. Is the surviving spouse of a permanently and totally disabled veteran entitled to a total exemption from ad valorem taxes where the veteran's exemption carried over to his widow who, although absent for one year, has now returned to permanently reside in the state and has filed a new application?
2. Is the surviving spouse of a permanently and totally disabled veteran, who holds legal and beneficial title to the homestead and permanently resides thereon as specified in section 196.031, Florida Statutes, eligible for a total exemption from ad valorem taxes on the homestead if the veteran never applied for the total exemption during his lifetime?
3. Does the phrase "permanently resides thereon" contained in section 196.031(1), Florida Statutes, have the same meaning as the phrase "provided the spouse continues to reside on such real estate" contained in section 196.081(3), Florida Statutes?
In sum:
1. The surviving spouse of a permanently and totally disabled veteran, who qualified for a total exemption from ad valorem taxes on January 1st of the year the veteran died, is entitled to the carry-over of the exemption afforded by section 196.081, Florida Statutes, despite the lapse of the exemption for one year and her absence from the state.
2. Rule 12D-7.004, Florida Administrative Code, authorizes the carry-over of the exemption provided in section 196.031, Florida Statutes, to a surviving spouse where the veteran was entitled to apply for the exemption as of January 1st of the year he died, without requiring the veteran's application for the exemption.
3. The phrase "permanently resides thereon" contained in section196.031(1), Florida Statutes, is not the functional equivalent of the phrase "continues to reside on such real estate" contained in section 196.081(3), Florida Statutes, for purposes of the exemptions from taxation authorized by those statutes.
Question One
The factual situation presented in your letter involves a permanently and totally disabled veteran who, during his life, had obtained the total exemption provided in section 196.081, Florida Statutes. This exemption from taxation had carried over to the veteran's surviving widow upon his death. The widow left Florida, did not renew the exemption for one year, and now wishes to reapply for the exemption.
Section 196.081(3), Florida Statutes, provides that the total exemption from ad valorem taxation provided by the statute carries over to the surviving spouse upon the death of the veteran. That section also authorizes the widow to sell or dispose of the veteran's property and still maintain her entitlement to an exemption so long as her subsequent property is used as her primary residence and she does not remarry. This statute does not contain language requiring the surviving spouse's residency to be continuous and unbroken in the original homestead of the veteran at the time of the veteran's death.
In contrast, section 196.091(3), Florida Statutes, provides an exemption for wheelchair confined veterans that carries over to their surviving spouse but requires that the residency of the surviving spouse be continuous in order for the exemption to remain in effect.[1]
Prior to 1994, section 196.081, Florida Statutes, required the surviving spouse to hold title to the property as a tenant by the entirety at the time of the veteran's death. This requirement was eliminated by Chapter 93-400, Laws of Florida, which became effective January 1, 1994, and liberalized some of the requirements of the former statute.[2]
Pursuant to this section, a widow can file for a total exemption so long as the veteran was qualified on January 1 of the year in which he died. This interpretation is clearly in accord with the legislative history of House Bill 3-B, subsequently designated Chapter 93-400, Laws of Florida.[3]
Therefore, it is my opinion that the surviving spouse of a permanently and totally disabled veteran, who qualified for a total exemption from ad valorem taxes on January 1st of the year he died, is entitled to the carry-over of the exemption afforded by section 196.081, Florida Statutes. The widow would be entitled to the exemption despite the lapse of the exemption for one year and her absence from the state, provided that the appropriate factual determinations can be made by the Property Appraiser.
Question Two
Rule 12D-7.004(4)(b), Florida Administrative Code, provides:
"This paragraph shall apply where the deceased veteran was totally and permanently disabled with a service-connected disability at the time of death but did not possess the exemption upon death.The surviving spouse is entitled to the exemption if the followingconditions are met:
1. The veteran predeceases the spouse;
2. The spouse continues to reside on the property and use it as his or her primary domicile;
3. The spouse does not remarry;
4. The spouse holds legal or beneficial title; and
5. The spouse produces the required letter of disability." (e.s.)
This rule implements Chapter 93-400, Laws of Florida, amending section 196.081, Florida Statutes, effective January 1, 1994.
Subsection (1) of section 196.081, Florida Statutes, provides that the total exemption will be granted so long as a certifying disability letter has been issued to the veteran. The statute no longer requires that the letter and application be presented by the veteran. This is an expression of the legislative intent to relax the requirements of this statute, as set forth in the Final Bill Analysis for the amendment.
Thus, if the veteran was entitled to apply for the exemption on January 1st of the year in which he died, his spouse would also be entitled to apply for the exemption, provided the Property Appraiser's office can make the proper factual determinations set out above.[4]
Therefore, it is my opinion that an exemption from ad valorem taxation may be carried over to a surviving spouse where the veteran was entitled to apply for the exemption as of January 1st of the year in which he died, without requiring the veteran to apply for the exemption.
Question Three
Your third question requires an interpretation of the statutory requirement that a surviving spouse reside on the homestead for which an exemption has been granted pursuant to sections 196.031
and 196.091, Florida Statutes, and whether that residency must be continuous and unbroken. A review of the statutes and administrative rules interpreting them reveals that the Legislature intended to place more restrictions upon the carry-over of this exemption to the surviving spouse of a qualified wheelchair-bound veteran than the surviving spouse of a qualified permanently and totally disabled veteran.
Section 196.091(3), Florida Statutes, provides an exemption for disabled veterans who are confined to a wheelchair.[5] The Department of Revenue rule implementing this statute is Rule12D-7.005, Florida Administrative Code, which provides:
"The surviving spouse is not entitled to the veteran's exemptionif the spouse establishes new homestead after selling thehomestead upon which the exemption was initially granted." (e.s.)
Thus, the rule requires the surviving spouse to maintain a continuous and unbroken residency upon the same property that was granted the exemption provided in section 196.091, Florida Statutes.
Section 196.081, Florida Statutes, provides a total exemption for veterans who were honorably discharged, have a service-connected total and permanent disability, and who possess a qualifying letter from the appropriate governmental agency. Prior to 1993, subsection (3) of the statute contained language nearly identical to subsection (3) of section 196.091, Florida Statutes, as discussed above. However, section 196.081(3) was amended to allow the surviving spouse of a veteran to transfer the exemption to a new homestead property.[6] Such a transfer is not allowed under the statute relating to wheelchair-bound veterans.[7]
Therefore, it is my opinion that the phrase "permanently resides thereon" contained in section 196.031(1), Florida Statutes, is not the functional equivalent of the phrase "continues to reside on such real estate" contained in section 196.081(3), Florida Statutes, for purposes of the exemptions from taxation authorized by those statutes.[8]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] And see, Rule 12D-7.005, F.A.C., implementing s. 196.091(3), Fla. Stat.
[2] Chapter 93-400, Laws of Florida, also amended s. 196.081(1), Fla. Stat., which now reads in part:
"Any real estate used and owned as a homestead by a veteran who was honorably discharged with a service-connected total and permanent disability . . . is exempt from taxation, provided the veteran is a permanent resident of the state on January 1 of the tax year for which the exemption is being claimed or on January 1of the year the veteran died." (e.s.)
[3] See, Staff Analysis for House Bill 3-B, subsequently designated Chapter 93-400, Laws of Florida, dated May 28, 1993.
[4] And see, Ch. 97-157, Laws of Florida, amending s. 196.081, Fla. Stat., and providing an exemption from taxation for the homestead of the surviving spouse of a veteran who was killed while on active duty. The amendment is effective January 1, 1998.
[5] The relevant portion of subsection 3 reads as follows:
"the exemption from taxation shall carry over to the benefit of the veteran's spouse, provided the spouse continues to reside onsuch real estate and uses it as his or her domicile or until suchtime as he or she remarries or sells or otherwise disposes of theproperty." (e.s.)
[6] See, Ch. 92-167, Laws of Florida.
[7] Chapter 92-167, Laws of Florida, amended subsection 3 to add the following language:
"If the spouse sells the property, an exemption not to exceed the amount granted from the most recent ad valorem tax roll may be transferred to his or her new residence, as long as it is used as his or her primary residence and he or she does not remarry."
[8] And see, Op. Att'y Gen. Fla. 97-19 (1997), discussing "residency" as it applies to homestead exemptions.